CELESTE BAIRD, and others, Heirs, *v.* EDWARD LIVINGSTON.

The acceptance by a creditor of an order from his debtor on a third person, the proceeds to be applied towards the payment of his claim, when such order was not intended to operate a novation by substituting a new debtor, will not discharge the original debtor.

Where a creditor, with a view to apply the proceeds to the settlement of his debt, receives from his debtor the conditional acceptance of a third person who promises to pay on the recovery of a certain amount from a fourth: *held*, that the creditor having no direct action against such fourth person, has no other means of establishing his insolvency than by prosecuting the acceptor; that until such insolvency is established, his right of action against the original debtor is suspended, and that prescription will run in favor of the latter only from the period of the proof of such insolvency, and that the prescription of five years under art. 3505 of the Civil Code; will not apply to such a case.

APPEAL by the defendant from a judgment of the Commercial Court of New Orleans, *Watts*, J. The plaintiffs sue as the widow, and minor heirs of Charles Baird, deceased. They allege that the defendant is indebted to the latter in the sum of fourteen hundred dollars, for services as an overseer, rendered in the year 1819. The defendant having sold certain property to Edward E. Parker, took from him a transfer of a debt due from one Parkins, for four thousand and fifty dollars, payable on the 1st of March, 1820. To settle the claim of Baird, and at the same time a debt which he owed to Samuel Elkins, the defendant, on receiving one thousand dollars from the latter, and with the consent of Baird, on the 18th February, 1819, transferred the debt of Parkins to Elkins, who being authorized to pay himself out of the first proceeds of Parkins' debt, accepted a bill drawn by Livingston in favor of one Reynolds, the agent of Baird, on him for fourteen hundred dollars, the amount of Livingston's debt to the latter, payable when the whole amount of Parkins' note should be collected. On the first of August, 1820, Elkins retransferred Parkins' debt to Parker, who, among other things, bound himself to pay the acceptance of Elkins in favor of Reynolds as agent for Baird, whenever the whole amount of Parkins' note should be collected, 'putting himself and his heirs in the place of the said Samuel Elkins in every thing respecting said acceptance.' Parker obtained a judgment against

Parkins, and collected under execution little more than half the debt, the latter being insolvent.

The plaintiffs first sued Parker; and in affirming the judgment of the court below in favor of the defendant, this court declared, 'that the only obligation which Elkins had assumed in regard to Baird, was that which resulted from his acceptance of Livingston's draft, which was conditional; that the condition, the accomplishment of which was necessary to render the obligation of the acceptor absolute, had not happened, and probably never would, as but little more than half the amount of the debt from Parkins had been collected, and he was shown to have died insolvent.' That if Elkins had continued to be the holder of the claim against Parkins, and had pursued him for its recovery with the same diligence which Parker exercised, the plaintiffs would have had no legal claim against him, on his acceptance in favor of their ancestor, for that was conditional, and has never become absolute. That Parker being placed by the contract of retransfer precisely in the situation in which the transferrer would have been without this retrocession, it follows as a corollary that he is not bound to pay the sum promised by the acceptor of the bill, as that promise was contingent, and the contingency necessary to render it absolute has not happened.' Matthews, J. in *Baird's Heirs* v. *Parker*, 4 La. 263. The present action was commenced to recover from Livingston, the original debt, with interest from the first of March, 1820. There was a judgment in the lower court against Louise Livingston, the widow, and sole executrix and universal legatee of the defendant, who had been made a party to the suit on the death of the latter, for the original debt of fourteen hundred dollars, with interest from the 3d of August, 1832, the day of judicial demand. The defendant appealed.

*Janin*, for the plaintiffs, urged the affirmance of the judgment, with an amendment allowing interest from 1st March, 1820, contending that the defendant had transferred a portion of the claim against Parkins to Charles Baird whom the plaintiffs represent, in satisfaction of the debt now sued for; that the claim against Parkins was secured by mortgage, having been contracted for the price of certain slaves, and that it bore interest; that Livingston had engaged to pay interest for the delay in the final satisfaction

of the debt, and that if the plaintiffs could not obtain payment out of the claim against Parkins, without any fault of their's, and from circumstances beyond their control, they were entitled to recover it from Livingston. He maintained that the prescription of five years was inapplicable, the draft not being negotiable, but payable on a contingency out of a particular fund. Chitty on Bills 41—3. *Chandler* v. *Witherspoon,* 4 La. 67; and that the prescription of ten years would not apply; that two of the plaintiffs were still minors, &c.

*R. Hunt,* for the appellants. There is no evidence in support of the allegations of the petition. The debt is barred by the prescription of three, of five, and of ten years.

BULLARD, J. The history of the present controversy may be learned by referring to the case of the same plaintiffs, against Parker, (4 La.,) in which they sought to recover of Parker, the assignee of Elkins, upon the order given by Livingston to the agent of Baird, their ancestor. Having failed in that action, they instituted the present suit against Livingston, relying upon the order given by him, or delegation of a part of the debt due by Parkins, as evidence of an existing debt still due to them.

The order itself is not produced, but we think was sufficiently accounted for. It seems to us clear from the evidence, that it never was intended as a substitution of a new debtor, so as to operate a novation. It was rather a conditional appropriation of a particular fund belonging to the drawer. The case therefore, upon the merits, presents two questions : 1st, whether Baird or his agent did any thing, or neglected to do any thing by which Livingston was discharged, or put *in duriori casu;* and secondly, whether the present action is barred by prescription.

I. The order was accepted according to its tenor, but the amount never was received by the acceptor, in consequence of the insolvency of Parkins, the debtor. The precise period at which Parkins became insolvent is not shown, but it appears to us clear that Livingston lost nothing in consequence of any negligence of the holder of his order. The fund out of which it was to be paid became unavailable without the fault of Baird, and it would have been equally the loss of Livingston, if the order had never been given.

II. The prescription of five years under the article 3505, of the Civ. Code, does not in our opinion, apply to the present case. The order was not an absolute one for the payment of money, but was drawn conditionally upon a particular fund. As it relates to the prescription of ten years, it is to be remarked, that it could only begin to run from the time the bearer failed to recover the amount, in consequence of the insolvency of Parkins. Baird had no direct action against Parkins, and consequently was without *any other means of* establishing his insolvency than by prosecuting the acceptor. It is not therefore shown, that ten years had elapsed, within which Baird had a right of action against Livingston, without prosecuting it; for until the failure to obtain payment out of the fund was shown, his action was suspended.

But the counsel for the appellant contends that the record does not contain sufficient evidence of the facts assumed by the plaintiffs; that the record in the case of Baird *v.* Parker, was not in fact given in evidence, though it was agreed it might be, subject to all legal exceptions; and that the defendant had no opportunity to point out and insist upon any such exceptions. We find in the record the expression that the record in that case *is admitted,* thereby making it a part of the written evidence. The party might have insisted upon its production on the trial, but not having done so, we see no objection to the judge's becoming acquainted with its contents as a part of the evidence upon which he was to decide, without insisting *ex arbitrio* upon the production of a copy or of the original, by inspecting it in an adjoining room.

It remains to inquire whether the judgment ought to be reformed according to the prayer of the appellees, so as to allow interest from the time the debt of Parkins fell due, it being for the price of slaves. The argument is, that the order was evidence of a transfer to Baird of a part of a debt which bore interest, and that consequently the holder is entitled to recover that interest from Livingston. This argument would carry the plaintiffs too far; for if there was a transfer of a part of the debt in any legal sense of the word, then Livingston would not be held to warrant the solvency of the debtor. But we regard the contract between the parties as less an assignment of a part of the debt, than a contingent order to pay out of a particular fund when received. That

fund, if received, would have consisted of the principal of Parkins' debt, with the interest which may have accrued, but Baird would have been authorized to receive only $1,400. We think the court did not err in allowing interest only from judicial demand.

*Judgment affirmed.*