23        371|
e 22 SC ²169|
22 SC ²172|

# Forster *versus* The Cumberland Valley Railroad Company.

1. Statutes of limitation being in definition of the common maxim, *vigilantibus non dormientibus subveniunt leges,* are applied rather according to the substance of the claim than to the form of the proceeding, and hence may be relied on in all Courts, even though their letter may refer only to proceedings in Courts of common law form.

2. The statute of limitations may be pleaded in bar of the special statutory remedy provided for the recovery of damages caused in the construction of a railroad.

ERROR to the Common Pleas of *Dauphin county.*

Petition of John Forster, for the appointment of viewers, under the Act of 2d April, 1831, sect. 15, to estimate the damages done to his land, in the erection of a railroad bridge, report thereon, and appeal to the Court.

The plaintiff was the owner of an island opposite to Harrisburg, a portion of which is crossed by the railroad bridge of the defendants. The bridge was built in 1836 or 1837, burned down in December, 1844, and rebuilt in 1846. As the case turns, however, upon the validity of the plea of the statute of limitations, it is unnecessary to notice the facts, further than to state that the petition for viewers was filed August 24, 1848. The award of viewers was appealed from. The defendants plead not guilty, and added the plea of *actio non accrevit infra sex annos.* The Court below, PEARSON, P. J., charged the jury that there was nothing to take the case out of the statute of limitations, and that the cause of action not having accrued within six years, their verdict should be for the defendant. This was, *inter alia,* assigned for error.

*Fisher,* for plaintiff in error, argued that the general statute of limitations did not in terms apply to such a case, and that it ought not to be extended to it by construction; and cited 1 *Lord Raym.* 289; 15 *Vin. Ab.* tit. *"Limitation,"* 107, pl. 4; *Cro. Car.* 140, 513; 2 *Saund.* 67, n. 10; 6 *Mod.* 26; 11 *State Rep.* 176.

*McCormick* and *Watts,* for defendant in error, insisted that the case was within the equity analogies of the statute.

The opinion of the Court was delivered by

LOWRIE, J.—Statutes of limitations are mere definitions and limitations of the generality of that principle of the common law which is expressed in the maxim *vigilantibus non dormientibus subveniunt leges;* and the Courts cannot administer such statutes according to their spirit, unless by regarding them as passed in

[Forster *v.* Cumberland Valley Railroad Company.]

aid of the common law, and therefore as furnishing a general rule for cases that are analogous, according to their subject-matter, to those expressed by the statute.

And so this subject is regarded: for the limitations are applied by analogy to actions in chancery, in admiralty, (The Mentor, 1 *Rob*. 182, The Rebecca, 5 *Id*. 96,) to claims in bankruptcy, in insolvency, in the Orphans' Court, and to set-off, though none of these are within the letter of the statute; and we applied it very lately to a claim for mesne profits made in an action of ejectment: Lynch *v*. Cox.

As a general rule, public officers, and also all persons and companies, making public works and improvements, are protected by much shorter limitations. So it is in England, in such a case as this, statute 5 & 6 Vict. c. 97, sect. 5; and so it is here, under the general railroad law of 1849, sect. 14, and under the lateral railroad law of 1832, sect. 10, if we may suppose that the word "penalties" means damages, which seems probable, since the infliction of penalties is not pertinent to acts done "in pursuance and by authority of" an Act of Assembly: see 8 *Barn. & C.* 697.

The case of the Union Canal Company *v*. Woodside, 11 *State Rep*. 176, does not apply to this case, except so far as it declares this form of action to be in substance an action of trespass. The statute of limitations was not relied on there; but the presumption of payment was, and as a matter of law that was decided in favor of the defendants.

The action of trespass would seem to be technically proper in such a case, if there were no special remedy provided, for the constitution makes the taking of the land unlawful unless compensation is first paid or secured. But this act was done before this clause was inserted in the constitution; and therefore without the special remedy, trespass on the case would seem to be the proper form of an action. This is the common law remedy for all injuries not falling within the other usual remedies; and it is to the subject-matter of the action that the limitation applies; and therefore it continues to apply even when the form of the remedy is changed. It surely can make no difference whether the action is against many individuals, or against many who are united by an act of incorporation. The public sanction of their union does not render them objects of suspicion, or exclude them from the benefit of the general rule of law.

These views set aside all the other exceptions; for the plaintiff cannot attach anything, as incidental to a claim that has no substance.

Judgment affirmed.

Lewis, J., and Knox, J., dissented.